12-2236(L)
Cui v. Lynch

BIA
Nelson, IJ
A088 552 390
A088 552 391

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

YING HUA CUI, GUANG HUI PIAO,
*Petitioners,*

v.                                          12-2236(L);
                                            12-4171(Con)
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*\*

_____

---

\* Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR PETITIONER:**     Theodore N. Cox (Joshua E. Bardavid, *on the brief*), New York, NY.

**FOR RESPONDENT:**     Stuart F. Delery, Acting Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Jeffrey R. Meyer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioners Ying Hua Cui and Guang Hui Piao, natives and citizens of China, seek review of a May 9, 2012, order of the BIA, affirming the July 10, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Ying Hua Cui, Guang Hui Piao*, No. A088 552 390/391 (B.I.A. May 9, 2012), *aff'g* No. A088 552 390/391 (Immig. Ct. N.Y. City July 10, 2008), and a September 19, 2012, decision of the BIA denying their motion to reconsider and reopen, *In re Ying Hua Cui, Guang Hui Piao*, No. A088 552 390/391 (B.I.A. Sept. 19, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

With respect to the initial denial of asylum, withholding of removal, and CAT relief, we have reviewed both the IJ's and BIA's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications like Petitioners', which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer [] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Notwithstanding Petitioners' assertions to the contrary, we find insufficient grounds to overturn the adverse credibility determination. The agency did not err in relying on the omission of Petitioners' arrest and detention from Cui's mother's first letter. *See id.* at 166 n. 3 (providing that, for purposes of analyzing a

3

credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). In their brief, Petitioners concede that Cui's mother's first letter did not directly mention their arrest but argue that the incident can be inferred from references to being monitored by police and Cui's periodic police reporting obligations. Although Petitioners are correct that the letter supports a strong inference that their arrest and detention had in fact occurred, because the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Petitioners' related contention, that the agency failed to consider the letter's status as a personal communication rather than a document for court submission, is also misplaced because Petitioners had the opportunity to lay a foundation for the letter as a personal communication but declined to do so.

Petitioners have also failed to show that the agency ignored their corroborating evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Indeed, the IJ explicitly considered

4

Cui's cousin's letter and discounted it based on a reasonable inference that it failed to mention Petitioners' arrests. *Id.; see Siewe*, 480 F.3d at 168-69. Similarly, the agency explicitly considered Cui's medical records and reasonably determined that they did not indicate that she suffered any injuries. *See Xiao Ji Chen*, 471 F.3d at 342 (noting that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Moreover, the agency's failure to explicitly discuss a letter regarding Piao's employment does not compellingly suggest that the letter was ignored because it merely indicated that Piao was fired for participating in "illegal nation activity" and did not confirm any arrest for harboring refugees. *See Xiao Ji Chen*, 471 F.3d at 337 n.17; *see also Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (noting that the agency is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).

Petitioners' contention that the agency erred by failing to perform an independent well-founded fear analysis based solely on their harboring of North Korean refugees is also misplaced. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). We have explained that a credibility-based

denial of a claim of past persecution will support the denial of a claim of future persecution where "the only evidence of a future threat to life or freedom was petitioner's contentions, which the IJ found not believable," *id.*, and here, Petitioners have not identified any evidence demonstrating a future threat absent their incredible testimony that their harboring of refugees was discovered by Chinese authorities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that "to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"). Accordingly, Petitioners have failed to show that the agency erred by not conducting an independent well-founded fear analysis based solely on their status as North Korean refugee harborers. *See Paul*, 444 F.3d at 156.

Similarly, the agency did not fail to conduct an independent CAT analysis, as the IJ separately addressed the CAT claim in the final page of her decision and rejected it because there was no indication that Cui was tortured in any way or that it is likely she would be tortured if returned to China. This determination was reasonable in light of both the adverse credibility determination and the agency's

6

uncontested finding that Cui did not allege serious mistreatment while detained and was only required to periodically report to police. *See* 8 C.F.R. § 1208.18(a) (providing that torture under the CAT is "an extreme form of cruel and inhuman treatment . . . specifically intended to inflict severe physical or mental pain or suffering"); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

Nor did the BIA abuse its discretion by denying reconsideration and reopening. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

As to reconsideration, as noted above, the agency did not err in finding that Cui failed to demonstrate a likelihood of torture upon her return to China, or in denying relief on credibility grounds. Therefore, the BIA's denial of reconsideration does not compel remand, even assuming errors in the agency's alternative nexus determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (noting that remand is futile when the Court can "confidently [] predict that the agency would reach the same decision absent" any errors that were made (internal quotation marks omitted)).

Lastly, the BIA did not abuse its discretion in denying reopening because Cui's mother's supplemental letter, which

corroborated Petitioners' arrest and detention, could have been provided at the time of Petitioners' merits hearing. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing"); *see also Norani v. Gonzales*, 451 F.3d 292, 294 & n. 3 (2d Cir. 2006) (per curiam) (looking to the date on which the IJ closed the hearing as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, the pending motion for a stay of removal in these petitions is DISMISSED as moot.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk